UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| ONESIMUS B. FRANKLIN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV419-265 |
| ) | |
| C. GARRETT, ACTING ) | |
| WARDEN, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

*Pro se* petitioner Onesimus B. Franklin has filed the instant petition, pursuant to 28 U.S.C. § 2241, challenging the constitutionality of the term of supervised release imposed in a judgment entered by this Court against him in 2018. *See* doc. 1 at 1. The Court will, therefore, proceed to screen the petition. *See* Rule 4, Rules Governing Section 2254 Cases ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . .").[1] Since the Court lacks jurisdiction over the petition, it should be **DISMISSED**.

---

[1] The Rules Governing Section 2254 Cases also govern petitions pursuant to § 2241. *See* Rule 1(b), Rules Governing Section 2254 Cases.

1

Section 2241 provides, in relevant part, that "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Challenges to federal sentences must normally be brought pursuant to 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255(a); *see also Harris v. United States*, 808 F. App'x 849, 851 (11th Cir. 2020) ("[T]o collaterally attack the validity of a federal sentence, a defendant must typically proceed under § 2255." (citation omitted)). Other applications for writs of habeas corpus "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The application of this "saving clause" is a jurisdictional issue, and petitioner bears the burden of demonstrating its application. *See McCarthan v. Director of Goodwill Industries-Suncoast, Inc.*, 851 F.3d 1076, 1081, 1099 (11th Cir. 2017). The Eleventh Circuit has explained that to determine whether a § 2255 motion would have been inadequate, "we ask whether the prisoner would have been permitted to bring that claim in a motion to vacate. In other

2

words, a prisoner has a meaningful opportunity to test his claim whenever section 2255 can provide him a *remedy*." *Id.* at 1086-87 (emphasis added). Moreover, "[a] movant may lose because of untimeliness, or procedural default, or failure to bring the claim or claims in an initial § 2255 motion, but that is because of the inadequacy or ineffectiveness of the case or the claims, not the remedy." *Amodeo v. FCC Coleman-Low Warden*, 984 F.3d 992, 998 (11th Cir. 2021)

There is no question that the supervised release portion of the judgement that Franklin challenges was imposed in this Court's 2018 judgment. *See* doc. 1-2 at 3; *see also United States v. Franklin*, 4:17-cv-260, doc. 37 at 3 (S.D. Ga. July 9, 2018). Franklin did not challenge the validity of that portion of his sentence on appeal or by a § 2255 motion. *See* doc. 1 at 3-4. His only contention concerning the inadequacy of § 2255 is that "[d]ue to the Antiterrorism Effective Penalty Death Act [sic], Petitioner was unable to exhaust his collateral remedy pursuant to 28 U.S.C. § 2255. There is no remedy available to challenge his illegal term of supervised release . . . ." Doc. 1 at 5. To the extent that his argument is discernable at all, it appears that he contends that the procedural requirements for a § 2255 motion—perhaps the one-year

3

statute of limitations,[2] *see* 28 U.S.C. § 2255(f), or because of the "general rule that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice,"[3] *Massaro v. United States*, 538 U.S. 500, 504 (2003)—preclude relief. However, those procedural hurdles, even if they are insurmountable, do not support jurisdiction over Franklin's § 2241 petition under § 2255(e). *See Amodeo*, 984 F.3d at 998; *see also, e.g., Brooks v. Hurwitz*, 2021 WL 2014826, at *2 (M.D. Pa. May 19, 2021) (petitioner's "lack of success in his direct appeal or his subsequent § 2255 motions does not render § 2255 inadequate or ineffective to address [his] challenge to his three-year term of supervised release merely because he failed to raise that argument at the proper time."); *Rodrigues v. United States Probation*, 2020 WL 3405258, at *1 (D. Minn. Mar. 23, 2020) (legality of a term of supervised

---

[2] Judgment was entered in Franklin's criminal case on July 9, 2018. *See* 4:17-cr-260, doc. 37 (S.D. Ga. July 9, 2018). The judgment became final when the fourteen-day period to appeal that judgment expired on July 23, 2018. *See, e.g., Daniele v. United States*, 740 F. App'x 973, 976 n. 2 (11th Cir. 2018) (citations omitted). The one-year statute of limitations to file a § 2255 motion, therefore, expired on July 23, 2019. *See* 28 U.S.C. § 2255(f).

[3] The Court notes that Franklin asserts that he "was not informed regarding the true nature of the unconstitutional term of supervised release," as the reason he did not present his argument on direct appeal. *See* doc. 1 at 7. To the extent that explanation might be relevant to the procedural default of that argument, it does not alter the analysis of the inadequacy or ineffectiveness of the remedy available under § 2255.

release "is precisely the sort of challenge that must be raised in a motion brought pursuant to § 2255, not in a habeas corpus petition," so "the savings clause does not apply" to the petition); *Timmerman v. United States*, 2010 WL 276060, at *1-2 (D.N.J. Jan. 19, 2010) (§ 2255 was not inadequate or ineffective to challenge "supervised release . . . portion[ ] of [petitioner's] federal sentence")

Since the Court lacks jurisdiction over Franklin's § 2241 petition, it should be **DISMISSED**. *See Donaldson v. Warden, FCI Coleman Medium*, 691 F. App'x 602, 603 (11th Cir. 2017) (holding district court without jurisdiction to consider § 2241 petition where petitioner did not meet saving clause requirements); *Smith v. FCC Coleman-Medium Warden*, 701 F. App'x 929, 931 (11th Cir. 2017) (same); *McDowell v. Warden, FCC Coleman-Medium*, 694 F. App'x 692, 695 (11th Cir. 2017) (same).

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to

5

Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

Applying the Certificate of Appealability (COA) standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not

be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED**, this 19th day of April, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA